UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA S. PARRETT, Petitioner, v. CHARLESTON IWUAGWU, Respondent. | Case No. 18-cv-06398-JCS (PR) **ORDER OF DISMISSAL** Dkt. No. 12 |

## INTRODUCTION

Petitioner, a federal prisoner convicted in Ohio but housed in this district, seeks habeas relief under 28 U.S.C. § 2241 from her federal convictions and sentence. As a general rule, federal prisoners must pursue such relief under 28 U.S.C. § 2255. Petitioner seeks relief under § 2241 on grounds that § 2255 is an inadequate means to test the legality of her conviction.

However, petitioner has not shown she is entitled to use § 2241, as pointed out in respondent's motion to dismiss. (Dkt. No. 12.) Because she cannot use § 2241, this Court lacks jurisdiction over her petition. Accordingly, the petition is DISMISSED.

## BACKGROUND

In 2008 petitioner was convicted in federal court in Ohio on charges of wire fraud and other crimes. (Pet., Dkt. No. 1 at 2.) After conviction but before sentencing, petitioner fled to Mexico. (Mot. to Dismiss (MTD), Dkt. No. 12 at 3.) About a year later, in March 2009, the district court sentenced petitioner *in absentia* to 300 months in federal prison. (*Id.*) Petitioner's attorney filed a notice of appeal in the Sixth Circuit. (*Id.*) When petitioner failed to turn herself in, the appeal was dismissed. (*Id.*) In October 2010,

Mexican authorities arrested petitioner, who was returned to the United States. (*Id.*) In December 2010, she appeared before the Ohio district court. (*Id.*)

In 2011, petitioner was housed at a federal prison in Dublin, California, where she remains. (Pet., Dkt. No. 1 at 10.) In 2018, she filed the current § 2241 petition, to which the Court ordered respondent to address. (Dkt. Nos. 1 and 7.) Respondent filed a motion to dismiss, the subject of the present order. (Dkt. No. 12.)

It appears petitioner never filed a § 2255 motion. Her co-defendant did, but it was unsuccessful. (MTD, Dkt. No. 12 at 5.)

The parties consented to magistrate judge jurisdiction. (Dkt. Nos. 5 and 16.)

## STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## DISCUSSION

Petitioner seeks to overturn her federal convictions. To this end, she has filed in this Court a petition under 28 U.S.C. § 2241, rather than, as is customary, filing a motion under § 2255 in the sentencing court. She seeks to use § 2241 because she believes that a § 2255 motion would be an inadequate or ineffective means to test the legality of her detention. (Pet., Dkt. No. 1 at 9.) She bases her use of 2241 on grounds that she is innocent, an assertion she believes is supported by "[n]ew evidence." (*Id.* at 3.) She also alleges claims of ineffective assistance of counsel, prosecutorial misconduct, judicial bias, and judicial misconduct. (*Id.* at 33-39, 40-49, 49-54.)

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003)).

2

This restriction cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.* (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

There is an exception to this general rule. Section 2241 can be used if a federal prisoner can show that a motion under § 2255 is "inadequate or ineffective to test the validity of his detention." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This is known as the "savings clause," *id.* at 864, or the "escape hatch," *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The Ninth Circuit has recognized it as a very "narrow exception." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

When a prisoner files a habeas petition under § 2241 on grounds that the remedy provided by § 2255 is inadequate or ineffective, the district court must determine whether a § 2241 remedy is available under the escape hatch of § 2255. *Hernandez*, 204 F.3d at 864-65. This inquiry is critical to the determination of district court jurisdiction because the proper district for filing depends on whether the petition is filed pursuant to § 2241 or § 2255. *Id.* at 865. If the escape hatch is not properly invoked, then the Court lacks jurisdiction over the petition. *Id.*

A petition under the escape hatch is permissible "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (quoting *Ivy*, 328 F.3d at 1060).[1] *Id.*

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960-61 (quoting *Stephens*, 464 F.3d at

---

[1] In *Stephens*, the petitioner was able to show that he hadn't had an unobstructed procedural shot at presenting his claim. Several years after his § 2255 motion had been denied, the U.S. Supreme Court issued a ruling that permitted a statutory claim that was previously unavailable to petitioner. *Id.* at 898. Because this was a statutory claim, he could not raise it by way of a new motion under § 2255, which requires that a successive claim be based on a "new rule of constitutional law" or on "newly discovered evidence." *Id.* Because he demonstrated that he was barred from pursuing relief under § 2255, the court held that he had shown that he had not had an unobstructed procedural shot at pursuing his claim. However, he was unable to make out a claim of actual innocence. *Stephens*, 464 F.3d at 899. His § 2241 petition was therefore dismissed for failure to properly invoke the escape hatch provision. *Id.*

3

898). To this end, courts consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion. *Id.* (quoting *Ivy*, 328 F.3d at 1060-61).

Petitioner has made no such showing. First, new evidence can be presented in a § 2255 motion (§ 2255(f)(4)), as can her other claims, *e.g.*, ineffective assistance of counsel, *see Pirro*, 104 F3d 297, 299 ("The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255") (citation omitted). Second, there is nothing indicating that the basis for her claims did not arise until after direct appeal. Nor is there any indication the law has changed. Third, petitioner's opposition, which she titled a traverse, makes no contention regarding the unobstructed procedural shot requirement.[2] In sum, petitioner has failed to meet the unobstructed procedural shot requirement, or shown any reason her claims cannot be raised by by way of a § 2255 motion filed in the sentencing court.[3] Because petitioner has not met the procedural shot requirement, it is unnecessary for the Court to consider her claim of innocence.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Dkt. No. 12.) This § 2241 habeas

---

[2] The opposition speaks only in generalities, e.g., "Petitioner disagrees that she is not entitled to relief on habeas corpus." (Dkt. No. 19 at 1.)

[3] The remedy under § 2255 generally will not be inadequate or ineffective due to a delay in considering a motion under § 2255 until direct appeals are resolved, *see Pirro*, 104 F.3d at 299; or due to the mere fact that a previous § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1998); *see also Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate one already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding is inadequate or ineffective; must show more than lack of success in prior § 2255). Even the dismissal of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render federal habeas relief under § 2255 an ineffective or inadequate remedy per se. *Lorentsen*, 223 F.3d at 953 ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or ineffective remedy).

corpus action is DISMISSED for want of jurisdiction.

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 18, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA S. PARRETT,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLESTON IWUAGWU,<br><br>  Defendant. | Case No. 18-cv-06398-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rebecca S. Parrett ID: 85489-008
Federal Correctional Institution Dublin
5701 8th Street  Camp Parks
Dublin, CA 94568

Dated: June 18, 2019

  Susan Y. Soong
  Clerk, United States District Court

By:_____*Karen L. Hom*_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO